**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EZRA NATANELY, on behalf of himself and all others similarly situated, | Civil Action Number: |
| Plaintiff, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| BYL COLLECTION SERVICES, LLC, | |
| Defendant. | |

Plaintiff EZRA NATANELY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant BYL COLLECTION SERVICES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15

1

U.S.C. § 1692, *et seq*. ("FDCPA").

4.  Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Defendant is a collection agency with its Corporate Headquarters located in West Chester, PA.

8.  Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    • The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 26, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to an unnamed creditor; and (b) the collection letter was

not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g for sending a collection letter which, among other things, charges a convenience fee otherwise not entitled to by Contract, and for engaging in deceptive practices.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO EZRA NATANELY

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Prior June 26, 2017, an obligation was allegedly incurred by Plaintiff to an unknown and unnamed creditor (the "Alleged Creditor").

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. Defendant contends that the alleged obligation is past due.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. At a time known only to Defendant, the Alleged Creditor, directly or through an intermediary, contracted Defendant to collect the debt allegedly owed to the Alleged Creditor.

20. In its effort to collect on the obligation, Defendant mailed letters and/or placed a series of phone calls to Plaintiff requesting payment of the alleged debt owed.

21. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on June 26, 2017.  (**Exhibit A**).

22. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The communication identifies a third party expressed as "Reference: Total Gym Fitness LLC", however it fails to explain and identify this entity as the a creditor.

24. Said communication states that Plaintiff owes to the Alleged Creditor a principal amount of $499.50.

25. Said communication further states that a charge for $5.95, which it specified as a 'Convenience Fee', may be charged for all payments made by phone.

26. The communication expressed that Plaintiff may make payment of the debt allegedly owed over the phone.

27. While attempting to pay the subject alleged debt, Plaintiff was informed that the Convenience Fee would be added to his alleged balance, which became a grand total of $505.45.

28. Furthermore, on the back of the letter, it states "For New York Residents: New York City Department of Consumer Affairs License number 1133632."

29. After searching the Department of Consumer Affairs online database for that license number, it was discovered that there was no entity registered under such license number.

30. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

32. Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.

33. As such, Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality, the amount allegedly owed on the debt would preclude such action.

34. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

35. As set forth in the following Counts Defendant violated the FDCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. §§ 1692e and 1692f *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

38. The notification and collection of the $5.95 convenience fee is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735

(E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

39. Defendant's Convenience Fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment made over the phone, or by collecting an amount that was not authorized by contract or permitted by law.

40. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

41. Defendant collected, or attempted to collect, an unauthorized Convenience Fee from consumers wishing to pay their alleged debt over the phone, as illustrated on Exhibit A, to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

42. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

43. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of Convenience Fees on Defendant's website.

44. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a convenience fee in its letter in violation of the FDCPA.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages,

costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692e and 1692f *et seq.***

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

48. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

49. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed in the guise of a Convenience Fee.

50. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Convenience Fee in violation of the FDCPA.

52. Specifically, at the time Defendant sent the June 26, 2017 letter, Plaintiff did not owe the Alleged Creditor a Convenience Fee in the amount of $5.95.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**Violation of 15 U.S.C. § 1692g**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set

forth at length herein.

55. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

57. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

58. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

59. Merely naming the creditor without specifically identifying the entity, as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

60. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

61. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

62. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

63.  Defendant's letter to Plaintiff fails to identify any creditor to whom the debt is owed.

64. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

65. Defendant's letter merely states, "Reference: Total Gym Fitness LLC."

66. The letter fails to indicate whether the "Reference:" refers to Plaintiff's creditor.

67. The letter fails to indicate whether the "Reference:" refers to the creditor to whom the debt is owed.

68. The letter fails to indicate whether the "Reference:" refers to the original creditor or the current creditor to whom the debt is owed.

69. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

70. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

71. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

72. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

73. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

74. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT IV
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

75. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

76. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

77. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and it does not preclude a claim of falsity or deception based on any non-enumerated practice.

78. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

79. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

80. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

81. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

82. The least sophisticated consumer would likely be deceived by Defendant's conduct.

83. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

84. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

85. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### COUNT V
### Violation of 15 U.S.C. §§ 1692e, *et seq*
### False or Misleading Representations as to the Rights of the Consumer

86. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "85" herein with the same force and effect as if the same were

set forth at length herein.

87. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

89. Defendant's letter was sent out by the Defendant in order to collect an alleged debt from the Plaintiff, a New York City resident.

90. The letter was sent out and addressed to Plaintiff's New York City Address.

91. Under N.Y. City Admin. Code § 20-490, "It shall be unlawful for any person to act  as a debt collection agency without first having obtained a license in   accordance  with the  provisions  of this subchapter, and without first  being  in  compliance  with  all other  applicable  law,  rules  and  regulations."

92. Defendant's letter stated "For New York Residents: New York City Department of Consumer Affairs License number 1133632."

93. The Defendant, however, is not licensed and provided a false registration number on the letter. See Exhibit A.

94. A search on the NYC DCA License database for license type Debt collection and name BY Collection Services, fails to turn up any licensed entity by that name.

95. Thereby misleading and falsely stating to the consumer that it was licensed to collect a debt in NYC.

96. Accordingly, the letter failed to state, as required, Defendant's New York City Department of Consumer Affairs License number.

97. Defendant had no right to collect a debt from any New York City resident.

98. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading
representation or means in connection with the collection of any debt."

99. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or
deceptive means to collect or attempt to collect any debt."

100. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or
attempt to collect any debt."

101. The statement in Defendant's letter is false and misleading, in violation of 15 U.S.C. §§
1692e, 1692e(2), and 1692e(10).

102. The misrepresentation is material.

103. Defendant could have taken the steps necessary to bring its actions within compliance
of the FDCPA, but neglected to do so and failed to adequately review its actions to
ensure conformance to the law.


**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and
certifying Plaintiff as Class representative, and Salim Katach, Esq., as
Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses;

    (e)      Awarding pre-judgment interest and post-judgment interest; and

    (f)      Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated:  Juy 17, 2016

                            Respectfully submitted,

                            By:   /s/ Salim Katach_____
                               Salim Katach, Esq. (SK0924)
                             Sirotkin Varacalli & Hamra, LLP
                             110 East 59th Street, Suite 3200
                             New York, New York 10022
                             Phone:     (646) 590-0571
                             *Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


                          By:   /s/ Salim Katach_____
                             Salim Katach, Esq. (SK0924)

Dated:  July 17, 2016